## 2547. SOUTHERN RAILWAY COMPANY v. NEAL.

The evidence authorized the verdict, and the errors of law assigned are not meritorious.

DECIDED JANUARY 24, 1911.

Action for damages; from Harris superior court—Judge Gilbert. February 17, 1910.

*Charlton E. Battle, Howell Hollis,* for plaintiff in error.

*T. Hicks Fort, Hatcher & Hatcher,* contra.

POWELL, J.  Viewed from the standpoint of a cold record, the evidence does seem to preponderate against the verdict. We can not, however, say that the evidence demands a finding that the plaintiff's injury was the result of her own imprudence, rather than of the defendant company's negligence. The jury have settled that issue in favor of the plaintiff, and their verdict is approved by one of the fairest and ablest judges in our State. Under the defendant's testimony, the company would not have been liable. It would have been a case of a person injured by voluntarily going in front of a moving train and being caught on the track through misjudging the speed at which the train was running. But under the plaintiff's testimony, she would have had ample time to cross the track, if it had not been for the fact that the company had negligently allowed a hole to exist in front of its place for receiving passengers, and that this hole caused her to trip and fall, so that she was not able to extricate herself before the train came upon her.

Certain exceptions are taken to the charge of the court. We have reviewed them carefully and closely and have read the charge in full. The exceptions are not well taken. The charge was a fair, able, and accurate statement of the issues, of the presumptions, and of the rules of law pertaining to the case. Error can be discovered only by straining the language of the judge from its obvious meaning. We see no legal reason for granting a new trial.

*Judgment affirmed.*